UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| HERMAN DEZURN, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | No.: 3:14-cv-556-PLR-CCS |
| v. ) | |
| ) | |
| TENNESSEE DEPARTMENT OF ) | |
| CORRECTION, JEFF SHANNON, ) | |
| And DOUG COOK, ) | |
| ) | |
| *Defendants*. ) | |

## MEMORANDUM AND ORDER

The Court is in receipt of a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. It appears from the application that the plaintiff lacks sufficient financial resources to pay the $350.00 filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, the plaintiff is allowed to proceed in this action without the prepayment of costs or fees or security therefor. However, for the reasons stated below, process shall not issue and this action is **DISMISSED**. All other pending motions are **DENIED** as **MOOT**.

In order to state a claim under 42 U.S.C. § 1983, plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d

1036, 1042 (6th Cir. 1992). *See also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.").

Under the Prison Litigation Reform Act (PLRA), district courts must screen prisoner complaints and sua sponte dismiss those that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g., Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).

> Responding to a perceived deluge of frivolous lawsuits, and, in particular, frivolous prisoner suits, Congress directed the federal courts to review or "screen" certain complaints sua sponte and to dismiss those that failed to state a claim upon which relief could be granted, that sought monetary relief from a defendant immune from such relief, or that were frivolous or malicious.

*Id*. at 1015-16 (6th Cir. 1999) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A).

Plaintiff is in the custody of the Tennessee Department of Correction (TDOC). He is currently confined in the Lois M. DeBerry Special Needs Facility; his complaint concerns an incident that occurred during his confinement in the Morgan County Correctional Complex (MCCX) on January 12, 2013. The defendants are the TDOC, MCCX Assistant Warden Doug Cook, and Unit Manager Sgt. Jeff Shannon.

The Court notes at the outset that the Tennessee Department of Correction is not a suable entity within the meaning of 42 U.S.C. § 1983. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) ("suit against the State and its Board of Corrections is barred by the Eleventh Amendment"); *see also Berndt v. State of Tennessee*, 796 F.2d 879, 881 (6th Cir. 1986) (the State and its agencies are immune from suit under the Eleventh Amendment).

2

Plaintiff's complaint was filed on November 24, 2014. Federal courts must refer to state statutes and state law to determine the statute of limitation and tolling rules with respect to an action brought pursuant to 42 U.S.C. § 1983. *Bd. of Regents v. Tomanio*, 446 U.S. 478 (1980). The applicable statute of limitation controlling a civil rights action for damages in the State of Tennessee is Tenn. Code Ann. § 28-3-104, which provides a one (1) year period in which a civil rights lawsuit may be commenced after the cause of action accrued; the statute begins to run when the plaintiff knows or has reason to know of the injury upon which his action is based. *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984).

If it is obvious from the face of the complaint that the plaintiff's cause of action is clearly barred by the applicable statute of limitation, the district court may *sua sponte* dismiss the case as frivolous pursuant to 28 U.S.C. § 1915(e) and § 1915A. *See, e.g., Day v. E.I. Du Pont De Nemours and Co.*, No. 97-6233, 1998 WL 669939 *1 (6th Cir. September 17, 1998) (unpublished decision) ("[A] *sua sponte* dismissal of an *in forma pauperis* complaint is appropriate where the complaint bears an affirmative defense such as the statute of limitations and is therefore frivolous on its face.").

Plaintiff acknowledges that his complaint was not timely filed. He pleads ignorance of the law, stating that he had no idea there was a filing deadline, and asks the Court to excuse his late filing. Essentially, plaintiff seeks equitable tolling of the statute of limitation, which is available in a civil action.

> Outside of the context of a habeas corpus suit, we look to the five-factor balancing test set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir.1988), to determine whether equitable tolling is appropriate. The court considers: "1)

> lack of notice of the filing requirement; 2) lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) the plaintiff's reasonableness is remaining ignorant of the particular legal requirement."

*Brown v. Cuyahoga Cnty., Ohio*, 517 F. App'x 431, 434-35 (6th Cir. 2013) (quoting *Truitt v. Cnty. of Wayne*, 148 F.3d 644, 648 (6th Cir.1998)). The Supreme Court has noted, however, how rare equitable tolling is.

> Federal courts have typically extended equitable relief only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.

*Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (footnotes omitted). Equitable tolling, moreover, will not extend "to what is at best a garden variety claim of excusable neglect." *Id*.

In this case, petitioner waited more than ten months after the expiration of the statute of limitation to file his civil rights action. He was in state custody during that time and in state facilities, presumably with access to a law library and inmate legal assistance. It was not reasonable for plaintiff to have remained ignorant of the deadline for filing his § 1983 action for almost two years. The Court finds that plaintiff was not diligent in pursuing his rights and that he is not entitled to equitable tolling of the one-year statute of limitation.

Plaintiff's complaint is barred by the statute of limitation and is **DISMISSED** sua sponte, as frivolous, pursuant to 28 U.S.C. § 1915(e) and § 1915A. The Court

4

**CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

Because the plaintiff is in the custody of the Tennessee Department of Correction, he is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; or

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Warden of the Lois M. DeBerry Special Needs Facility, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee, to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee.

5

The Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the Court's financial deputy.

A separate judgment will enter.

**E N T E R :**

_____
**UNITED STATES DISTRICT JUDGE**